■ In the Matter of 501 GRUMMAN ROAD, LLC, Appellant, v COUNTY OF NASSAU et al., Respondents. [832 NYS2d 662]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the respondent County of Nassau to abandon Old South Oyster Bay Road to the abutting landowners, and an action, inter alia, for a judgment declaring that the respondent Northrop Grumman Systems Corporation is unable to "procure fee title" to a portion of Old South Oyster Bay Road from the County of Nassau pursuant to the terms of a contract of sale entered into between the respondent Northrop Grumman Systems Corporation and the petitioner, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Davis, J.), entered June 23, 2005, which granted the cross motion of the respondent Northrop Grumman Systems Corporation and the separate cross motion of the respondents County of Nassau, Thomas Suozzi, Kevin Abrahams, Roger Corbin, John Ciotti, Denise Ford, Joseph Scannell, Francis Becker, Jr., Jeffrey Toback, Vincent Muscarella, Richard Nicolello, Lisanne Altmann, Craig Johnson, Peter Schmitt, Norma L. Gonsalves, David Mejias, Dennis Dunne, Sr., Judith Jacobs, Edward Mangano, Dianne Yatauro, and David Denenberg to dismiss the amended combined petition and complaint, and, in effect, for a judgment declaring that the respondent Northrop Grumman Systems Corporation was able to "procure fee title" to the subject portion of Old South Oyster Bay Road from the County of Nassau pursuant to the terms of the contract of sale, and dismissed the proceeding and made the declaration.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Pursuant to a contract of sale dated June 4, 2003, the petitioner 501 Grumman Road, LLC (hereinafter the LLC) agreed to purchase real property (hereinafter the premises) from the respondent Northrop Grumman Systems Corporation (hereinafter NGSC). The premises abutted a portion of land known as "Old" South Oyster Bay Road, which was owned by the respondent County of Nassau, and which had not been used as a roadway for over 50 years. Specifically, as part of an agreement entered into on February 1, 1950, between the County and NGSC's predecessor, Grumman Aircraft Engineering Corporation (hereinafter the 1950 agreement), the County

closed Old South Oyster Bay Road, relocated the roadway using property gifted to the County by NGSC's predecessor for that very purpose, and turned over the use, maintenance, and control of Old South Oyster Bay Road to NGSC's predecessor. Pursuant to the 1950 agreement, the County retained fee title to Old South Oyster Bay Road, and the closing of the old road was not considered an abandonment thereof by the County but merely a "temporary closing."

As part of the terms of the contract of sale between the LLC and NGSC, the LLC expressly acknowledged that Old South Oyster Bay Road was "no longer open to the public" and that "no access to or use of Old South Oyster Bay Road [was] available to [the LLC]." Moreover, the contract provided that, "if at any time either before or after Closing" NGSC "procure[d] or [was] able to procure" from the County "fee title to" the portion of Old South Oyster Bay Road that abutted the premises, NGSC would convey, or request the County to convey, such portion to the LLC, and the LLC would pay NGSC a specified price. The contract further expressly provided that the foregoing provision would survive the closing.

By deed dated October 15, 2003, NGSC conveyed the premises to the LLC. Since NGSC was unable to procure fee title to Old South Oyster Bay Road prior to closing, the description of the premises specifically excepted therefrom "any right, title or interest in and to Old South Oyster Bay Road."

Following the closing, NGSC engaged in lengthy and complex negotiations with the County regarding a number of properties, including Old South Oyster Bay Road. On November 30, 2004 NGSC and the County entered into a memorandum of agreement (hereinafter the MOA) which, inter alia, provided for the termination of the 1950 agreement. The MOA further provided, in relevant part, that NGSC would return jurisdiction of Old South Oyster Bay Road to the County, and that the County would abandon a portion of Old South Oyster Bay Road "to NGCS or its designee."

In April 2005 NGSC advised the LLC that it had entered into the MOA. NGSC maintained that the LLC, as its designee, was required to accept from the County the abandoned portion of Old South Oyster Bay Road that abutted the premises and, pursuant to the contract of sale, pay NGSC the agreed price.

In response, the LLC commenced the instant hybrid action and proceeding, seeking, inter alia, a determination that consummation of the contemplated transactions would violate Highway Law § 118-a, and, therefore, a judgment declaring that NGSC was unable to "procure fee title" to the portion of Old

South Oyster Bay Road from the County pursuant to the contract of sale.

NGSC thereafter cross-moved, and the County respondents separately cross-moved, to dismiss the amended combined petition and complaint, and, in effect, for a judgment declaring that NGSC was able to satisfy the condition precedent in the contract of sale. In the resultant order and judgment, the court, among other things, granted those cross motions, and declared, in effect, that NGSC could satisfy the condition precedent. We affirm.

Highway Law § 118-a provides, in relevant part: "Whenever . . . any county road shall have been widened, straightened, extended, drained, paved and or otherwise improved and in the process thereof a county shall have acquired from an adjacent owner certain lands necessary for said right-of-way by purchase, condemnation or as a gift and where . . . the grantor of said new right-of-way shall own the property on both sides thereof for the full length of the new taking or the consent in writing of any and all other owners within such area be given, and there shall be sections of the old road as it existed before said improvement which are of no further use for highway purposes to said county, the board of supervisors of said county in which said land is situated . . . may abandon to the abutting owner or owners such sections of parts of the old road as it existed before said improvement which are of no further use for highway purposes, providing the road after such abandonment shall not be less than three rods in width."

All parties agree that the County's statutory authority to abandon Old South Oyster Bay Road derives from Highway Law § 118-a. The heart of the dispute hinges on the proper interpretation of that statute and its application within the complex history of the subject transactions. Specifically, the LLC contends that Highway Law § 118-a constitutes a bar to the consummation of the transactions contemplated by the MOA and the contract of sale. We disagree.

The MOA specifically provides that the County will transfer the disputed portion of Old South Oyster Bay Road "to NGSC *or its designee*" (emphasis added). Similarly, the contract of sale between the LLC and NGSC, who are both sophisticated and counseled, specifically contemplated the possibility that the abandonment of Old South Oyster Bay Road might occur only after the sale of the property, and expressly provided, in that event, that NGSC could "request Nassau County to convey *directly to [the LLC]*" the disputed portion of Old South Oyster Bay Road (emphasis added). In our view, NGSC satisfied the

condition precedent for payment by persuading the County to abandon the subject property to its designee, thereby procuring fee title for the LLC. Moreover, inasmuch as the County proposes to implement the MOA by abandoning the roadway directly to the LLC, now the abutting landowner, the abandonment would not violate Highway Law § 118-a. Therefore, we see no legal impediment to NGSC receiving the benefit of its bargain.

The LLC's remaining contentions are without merit. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.